UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GAIL MARBACK,

    Plaintiff,

vs.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, Gail Marback ("MARBACK"), by and through the undersigned counsel, hereby sues the Prudential Insurance Company of America ("PRUDENTIAL") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and postjudgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. MARBACK was at all times relevant a plan participant under Fairview Health Services Group Long Term Disability Policy, Group No.: G-50101-MN ("LTD"

Plan). A copy of the LTD Plan is contained in the Administrative Record.

3. Defendant, PRUDENTIAL, is a corporation with its principal place of business in the State of New Jersey, authorized to transact and transacting business in the Southern District of Florida. PRUDENTIAL is the insurer of benefits under the Fairview Health Services LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, PRUDENTIAL administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The PRUDENTIAL LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Fairview Health Services under which MARBACK was a participant, and pursuant to which MARBACK is entitled to Long Term Disability benefits ("LTD benefits").

5. Pursuant to the terms and conditions of the LTD Plan, MARBACK is entitled to LTD benefits for the duration of her disability, for so long as MARBACK remains disabled as required under the terms and conditions of the LTD plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, PRUDENTIAL, is authorized to and is doing business within the Southern District of Florida and that the final denial of benefits occurred in the Southern District.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

7. MARBACK incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, MARBACK was an employee or former employee of Fairview Health Services and a plan participant under the terms and conditions of the

2

LTD Plan.

9. During the course of MARBACK's employment, MARBACK became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while MARBACK was covered under the LTD Plan, MARBACK suffered a disability on account of a sickness, rendering her disabled as defined under the terms of the LTD Plan. Due to concerns of privacy, the nature of her disabling condition is discussed in detail within the administrative record.

10. The LTD Plan defines Disability to mean: (1) you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and (2) you are under the regular care of a doctor; and (3) you have a 20% or more loss in your monthly earnings due to that sickness or injury. After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury (1) you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and (2) you are under the regular care of a doctor.

11. Pursuant to the terms of the LTD Plan, MARBACK submitted to PRUDENTIAL a claim for long term disability benefits under the LTD Plan with an effective date of disability of October 26, 2012.

12. PRUDENTIAL initially denied MARBACK's claim for benefits on July 10, 2014, indicating that there was a lack of medical evidence to support disability as of the last day MARBACK worked.

13. MARBACK filed an appeal of this adverse determination and on October 14, 2014, PRUDENTIAL advised MARBACK that it was overturning the denial of benefits and approving Marback's claim for benefits with an effective date of January 24,

2013.

14. PRUDENTIAL then advised MARBACK in an October 31, 2014, correspondence that her claim was being denied as it had reviewed the claim information and determined that MARBACK was not entitled to benefits as she did not suffer a 20% of loss of income following her last day worked, October 25, 2012.

15. PRUDENTIAL argued that MARBACK continued to received regular wages through November 13, 2012.

16. PRUDENTIAL argued that MARBACK signed a severance agreement effective November 14, 2012, and that MARBACK was no longer covered under the LTD Plan as of that day.

17. PRUDENTIAL advised MARBACK that due to the fact she did not suffer a loss of earnings she did not meet the definition of disability.

18. MARBACK properly appealed this adverse determination on April 28, 2015, arguing PRUDENTIAL had incorrectly misapplied plan provisions leading to erroneous denial of benefits.

19. On June 30, 2015, PRUDENTIAL notified MARBACK that the denial of her benefits was again being upheld.

20. MARBACK has exhausted her mandatory administrative remedy under ERISA.

21. PRUDENTIAL breached the LTD Plan and violated ERISA in the following respects:

    a. Failing to pay LTD benefits to MARBACK at a time when PRUDENTIAL and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as MARBACK was

disabled due to a physical medical condition that was not subject to a limited pay period; is unable to work and therefore entitled to benefits.

    b. After MARBACK's claim was denied in whole or in part, PRUDENTIAL failed to adequately describe to MARBACK any additional material or information necessary for MARBACK to perfect her claim along with an explanation of why such material is or was necessary.

    c. PRUDENTIAL failed to properly and adequately investigate the merits of MARBACK's disability claim and failed to provide a full and fair review of MARBACK's claim.

22.   MARBACK believes and alleges that PRUDENTIAL wrongfully denied her claim for LTD Benefits under the LTD Plan by other acts or omissions of which MARBACK is presently unaware, but which may be discovered in this future litigation and which MARBACK will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by MARBACK.

23.   As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL under the LTD Plan, MARBACK has damages for loss of disability benefits in a total sum to be shown at the time of trial.

24.   As a further direct and proximate result of this improper determination regarding MARBACK's claims for benefits, MARBACK, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), MARBACK is entitled to have such fees and costs paid by PRUDENTIAL.

25.   The wrongful conduct of PRUDENTIAL has created uncertainty where none should exist; therefore, MARBACK is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Gail Marback prays for relief against The Prudential Insurance Company of America as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: July 13, 2015.

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

  /s/ *Stephen F. Jessup*
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com